jPer Curiam.

The question arising from these facts is, as to the extent of the plaintiffs’ right to recover.
This, we think, is not a case of a total loss. The news of the capture, recapture, and arrival at Plymouth, all come together:(a) and the only pretence of a total loss ex- *78 isfcing when the abandonment was made, is founded on the claim of salvage. The amount of this could not be ascertained with certainty, from any information possessed by the assured, at the time of the abandonment. Although by the act of Congress of 2d of March, 1799, s. 7, the salvage of vessels and goods recaptured from the enemy, after having been in their possession ninety-six [*54] *honrs, is established at one-half their value; and the rule adopted in the English admiralty, as to salvage, is founded on principles of reciprocity, and regulated by the laws of that country to which the recaptured property belonged, yet Sir William Scott declared, on the 7th of December, 1798, that it was the practice of the English admiralty to restore American property on the rule of the English admiralty, without inquiring into the practice of America. The English rule of salvage is one-eighth, if recaptured by a single ship; and if by the joint operation of two or more, the salvage is left to be settled by the admiralty, according as it shall judge fit and reasonable. Under the circumstances, then, of this case, the rule of salvage would-not be considered as going beyond one-eighth. There was not, at least, any definitive or certain ground for estimating it higher. And as matter of fact, we find that the salvage was, at the time, liquidated and settled between the consignee and recaptors, at one-eighth. The information received by the insured, upon which the abandonment was made, was a mere newspaper account; and if information, in any case, derived through such a channel, would be sufficiently authentic to warrant an abandonment,(a) we think, in the present instance, it was too imperfect to afford sufficient data to the insured to calculate his actual loss. *79 We are of opinion, therefore, that the plaintiff is not entitled to recover as for a total loss; nor, that the charges attending the auction can be considered as a loss, within' the policy, to be borne by the underwriters. It was a voluntary act of the consignee; done, probably, in consequence of information of the abandonment; and made, therefore, at the peril of the owner. Had the sale at auction been to ascertain the injury the cargo had received, and limited to such parts as were damaged, it would have been a reasonable charge; but that appears not to have been the object or effect of the auction. The damage had been previously liquidated by the captain and prizeraaster; and if those damages, together with the salvage paid, be allowed against the defendants, it is all the case will warrant.
We are, therefore, of opinion, judgment ought to be for the plaintiffs, for the salvage and damages only.
Judgment for salvage and damages.

 It is universally conceded, that in such a case there is no right to abandon. Hamilton v. Mendes, 2 Burr. 1198. But whether the right shall be governed by the knowledge of the facts on which founded at the time of abandonment made, or whether, by the real facts as existing then, or at the time of action brought, has been rescata questio. In Church v. Bedient and others, 1 Caines’ Cas. in Err. 21, and Hallett v. Peyton, Ibid. 28, the court determined that if the facts at the time of abandoning prove the loss only partial, a total loss cannot be recovered. In Bainbi'idge and another v. Neilson, 1 Camp. 231, Lord Ellenborough seemed to be of opinion, that the actual state of facts, and not their known or supposed state, at the time when the abandonment is made, ought to determine the right; but, on an -argument at bar, in the" same case, the K. B. appear to incline to the opinion that the right to abandon ought to be regulated by the state of things at the time of action brought. See also M’Carthy v. Abel, 5 East, 388, and Thelluson v. Sheddon, 2 N. R. 230. In Massachusetts the loss, as at the time of the offer to abandon, decides the right. Lee v. Boardman, 3 Tyng, 248, but in Dorr v. New England Ins. Co., 4Tyng, 220 this principle seems doubted. In Rhinelander *78 v. Insurance Company of Pennsylvania, 4 Cranch, 29 ; Marshall v. Delaware Ins. Co., Ib. 202, and Alexander v. Baltimore Ins. Co., Ib, 370, the real state of the loss at the time of the abandonment made, is said to be the proper and safe criterion. The same rule is adopted in Pennsylvania. Dutilh v. Gatliff, 4 Dall. 440.

 A mere report sufficient, if it prove true. Bainbridge v. Neilson, I Camp. 237.